# EXHIBIT E

EXIBIT "E"

# SacksTierney P.A.

ATTORNEYS

| | | |
|---|---|---|
| Ellen K. Aiken | Gregory P. Gillis | Randy Nussbaum |
| James W. Armstrong | Steven M. Goldstein | Wesley D. Ray |
| Shar Bahmani | Bryan J. Gottfredson | Michael R. Rooney |
| Steven R. Beeghley | Gaye L. Gould | Philip R. Rudd |
| Stephen Aron Benson | Michael J. Harris | James S. Samuelson |
| Dean M. Dinner | Evan F. Hiller | Sharon B. Shively |
| Brian E. Ditsch | Janet E. Jackim | Allyson J. Teply |
| Paul F. Dowdell | Jeremy R. Jarrett | David C. Tierney |
| Judith M. Dworkin | Robert G. Kimball | Christopher A. Van Tuyl |
| *Rachel R. Felix | Stephen A. Lenn | Scott R. Weiner |
| Patty A. Ferguson | Jeffrey S. Leonard | Matthew F. Winter |
| Brian M. Flaherty | Phoebe Moffatt | Samantha Winter McAlpin |
| Roxann S. Gallagher | Sharon S. Moyer | |

*Admitted to practice only in New Mexico

*Seymour Sacks (1932 – 2011)*

*Marvin S. Cohen (1931 – 2009)*

Gary E. Pace, CLM, Executive Director

 MERITAS
LAW FIRMS WORLDWIDE

September 15, 2017

**VIA EMAIL AND
CERTIFIED MAIL RETURN
RECEIPT REQUESTED**

Writer's Direct Line: 480.425.2607
Writer's Direct Facsimile: 480.425.4907
Writer's E-mail: Stephen.Benson@SacksTierney.com

Anderson Capital Group, LLC
2207 Concord Pike, Suite 688
Wilmington, DE 19805

Re:    Sedona Transaction

Gentlemen:

Our office represents Zephyr Holdings, LLC and its principal, Greg Genereux. For a number of months, Mr. Genereux has been moving toward a closing of the acquisition of certain property in Sedona, Arizona. The closing is/was to be accomplished with a loan from Anderson Capital.

Until now, our role has principally been to work on the acquisition side of the transaction. I have had little or no direct contact with your office (almost all of our contacts have been with Damon Bartell at Terra Lending Group, the agent who negotiated the loan details). Nevertheless, I have of course been aware of the loan, and have been copied on much of the correspondence to and from your office.

My view of the correspondence indicates that Anderson has not only committed to make the loan, but has actually stated that all conditions (to the funding) have been satisfied. In fact, on numerous occasions I have seen correspondence indicating, or have been told, that the funding of the loan was imminent. Unfortunately, funding has not occurred, as promised.

Much of the background has been aptly summarized by our client's letter of September 15, 2017, which is attached to this letter. The purpose of this letter is to demand immediate performance of your obligation to fund the loan, as agreed upon. The failure to fund the loan will result in dramatic economic consequences to our client, not only in terms of the huge sunk costs in this transaction (based on your agreement to fund the loan), but the lost profits due to your failure to consummate the transaction.

Anderson Capital Group, LLC
September 15, 2017
Page 2

If the loan does not fund by 12 p.m. Arizona time September 18, 2017, Mr. Genereux and Zephyr fully intend to pursue your company for its economic damages. From this point forward, we request that (unless you simply fund the loan as agreed upon) you do not contact Mr. Genereux or Zephyr directly -- until further notice, you may contact my office instead.

We sincerely hope that you make this demand moot, by funding the loan by the above-mentioned date.

Very truly yours,

SACKS TIERNEY P.A.

Stephen Aron Benson

SAB:rcu
cc: Damon Bartell [damonterralendinggroup@gmail.com]
    Carolina Buquing [carolinabuquing@gmail.com; carolinabuquing@yahoo.com]
    Douglas Bowen [dbowen6953@msn.com]
    Greg Genereux [home1realestate@gmail.com]

Enclosure

# Notice of Default

### Pertaining to a Letter of Commitment to Fund
### From Anderson Capital Group LLC

September 15th, 2017

**To:** Anderson Capital Group (as the Lender)
2207 Concord Pike, Suite 688
Wilmington, DE 19805

**Attention:** Carolina Buguing (Compliance officer for Anderson Capital Group)

**From:** Zephyr Holdings LLC
4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, AZ 85251

**To whom it may concern,**

This letter is a formal notification to Anderson Capital Group LLC (hereinafter "Anderson"), that Anderson is in default of its funding obligations to Zephyr Holdings LLC (hereinafter "Zephyr") to fund a Bridge Loan to Zephyr as set out in the Anderson Letter of Commitment dated August 27th, 2017, (Hereinafter "LOC") whereby said LOC clearly stipulates that Anderson will fund / advance $35,000,000 (THIRTY FIVE MILLION DOLLARS) to Zephyr by a date certain of September 8th, 2017, with this same funding amount that was originally set to fund by August 31st, 2017, as set out in a separate Anderson issued Term Sheet, Dated July 31st, 2017, and as also set out in a previous Anderson letter of commitment, further, Anderson has issued several letters and email correspondence in direct relationship to the August 27th 2017, LOC, effectively waiving all of Anderson's funding conditions, and as Zephyr has performed all of its duties and obligations as set out in the Anderson issued LOC, and Zephyr has done so within the timeframes dictated by the Anderson issued LOC, and as also set out in a subsequent Mortgage, Deed of Trust, and other related closing documents, and as further set out in several letters, emails and other correspondence from Anderson's office, and as set out in several Stewart Title Escrow issued documents, all of which have been signed by Anderson and or signed off by Anderson & Zephyr representing an imminent funding / closing, and as we / Zephyr have been very patient in waiting for you / Anderson to perform your funding obligations as set out in the Anderson issued LOC, and as per that LOC Anderson is now substantially past the funding deadline by more than 8 days. You are hereby given formal notice of default with a ONE (1) business day rectification / remedy period from the date and time of receiving this notice of default letter, via email. After 12:00 (Noon, MST) on Monday September 18th, 2017, if Anderson has not rectified / remedied this default, then Zephyr will consider Anderson in total breach of its funding obligations after which Zephyr may seek damages for Anderson's nonperformance and default of it funding obligations as set out in the Anderson issued LOC and other related closing documents.

Note, failure by Anderson to rectify / remedy this lender caused default, by the deadline set out above will then directly cause Zephyr to default on its Purchase and Sale Agreement (hereinafter

"PSA") between Zephyr and the Seller of the Sedona transaction, as also out lined in the Anderson LOC, and <u>as Zephyr and the Seller have heavily relied on the Anderson's issued LOC</u> in relation to said PSA, and whereby Anderson's failure to preform and fund by a funding date certain of September 8th, 2017, as set out in the Anderson issued LOC, will now directly cause <u>Zephyr to default on its obligations that will then directly cause Zephyr much related damage, financial and reputation damage and substantial future losses.</u>

Unless the full amount of $35,000,000 (THIRTY FIVE MILLION DOLLARS) is received by Stewart Title within 1 business day, of receiving this Notice of Default via email, being a deadline of no later than 12:00 (Noon, MST) on Monday September 18th, 2017, you then leave Zephyr no choice but to seek remedy through the legal process of the Courts of Arizona and or international courts. We / Zephyr have given you / Anderson more than adequate time to rectify / remedy this funding default since the September 8th funding deadline of some 8 days ago. <u>Anderson's default in its obligations to fund on time has now directly caused the Seller to issue Zephyr a notice of default of the PSA,</u> you leave us / Zephyr no other choice.

<u>The only possible way Anderson can extend this default notice time frame, is "IF" Anderson can somehow convince the Seller to extend the terms of the PSA between Zephyr and the Seller,</u> BEFORE noon Monday the 18th 2017 deadline, however, any extension cost related to such an extension of the PSA. "<u>IF</u>" Anderson can negotiate one with the Seller, are to be fully borne by Anderson, further, if Anderson is able to convince the Seller to extend the existing PSA, all associated or related cost to this funding delay will then also be borne by Anderson, including but not limited to any Property Tax consequence, PSA extension fees by Seller, interest carry cost, additional Insurance cost, legal cost, other.  However if no Seller extension is negotiated or in place before the remedy deadline then Anderson's failure to fund within the remedy time frame setout above <u>will lead to substantial damages</u> being suffered by Zephyr, this, as direct result of Anderson's funding failure and breach of Anderson's contractual obligations.

Please govern yourself accordingly,

Greg Genereux
Zephyr Holdings LLC